IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN L. HILL #191995, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:15-cv-01431 |
| ) | |
| TERRY KINNAMAN, *et al.*, ) | SENIOR JUDGE NIXON |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Steven L. Hill, an inmate of the Metro-Davidson County Detention Facility, has filed a *pro se* complaint for alleged violation of his civil rights under 42 U.S.C. § 1983. The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1916(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.     Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state

a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. Factual Allegations

The plaintiff alleges that he is being "targeted" and harassed in jail by staff and other inmates because he is homosexual. Specifically, he alleges that Defendant Kinnaman, a unit manager, has ordered a correctional officer to search his cell repeatedly because of his sexual orientation, and that Kinnaman has failed to investigate and protect the plaintiff "from the sexual orientation hate crimes being inflicted" on him by other inmates. The plaintiff alleges that Defendant Saunders, a unit counselor, removed him from his job because of his sexual orientation, and that Saunders allows other inmates to talk about and slander him. The plaintiff alleges that Defendant Corlew, assistant warden, failed to protect him from discrimination and

discriminated against him by finding his grievance about discrimination unsubstantiated after failing to investigate.  The plaintiff alleges that Defendants Carver, Buchanon and Holloway are fellow inmates who harass and slander him because of his sexual orientation, including posting offensive, derogatory signs on his cell door.

**III.    Discussion**

The plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff has failed to state a claim against the inmate defendants under this standard, because it is clear that any actions they allegedly took against the plaintiff were not done under color of state law.  Defendants Carver, Buchanon and Holloway will therefore be dismissed from this action.

The Equal Protection Clause prohibits discrimination by government actors that burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005).  Sexual orientation has not been identified as a suspect classification in the Sixth Circuit, but it does constitute an "identifiable group" for equal protection purposes. *See*

*Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012). The Eleventh Circuit has expressly held that "a government agent violates the Equal Protection Clause's prohibition of sex-based discrimination when he or she fires a transgender or transsexual employee because of his or her gender non-conformity." *Glenn v. Brumby*, 663 F.3d 1312, 1320 (11th Cir. 2011). Taking the plaintiff's allegations as true, as the court must at this stage of proceedings, the court finds that he has stated a colorable claim of discrimination against Defendants Kinnaman and Saunders for removing him from his job and subjecting him to unusual and needless searches on account of his homosexuality.

The plaintiff alleges that the staff defendants have failed to protect him from hate crimes. Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 411 U.S. 825, 832, 833 (1994). However, "[a] prison official's duty ... is to ensure 'reasonable safety,'" not absolute safety. *Farmer*, 411 U.S. at 844 (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). A prison official may therefore be held liable only for acting with "deliberate indifference" to inmate health or safety, which requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id.* at 837. In this case, the plaintiff alleges nothing more than petty harassment. He does not allege that he has suffered or been threatened with any physical violence or other serious harm. He has thus failed to satisfy the "substantial risk of serious harm" element of a claim for deliberate indifference to his safety. *Guzman-Martinez v. Corr.*

*Corp. of Am.*, No. CV-11-02390-PHX-NVW, 2012 WL 5907081, at *7 (D. Ariz. Nov. 26, 2012) ("Although the Amended Complaint alleges repeated verbal abuse and harassment, the alleged verbal abuse and harassment does not rise to the level of a substantial risk of serious harm to Plaintiff's health and safety."). The plaintiff's claim for deliberate indifference will therefore be dismissed.

The plaintiff alleges throughout his complaint that he is harassed and slandered because of his sexual orientation. But harassment and verbal abuse, no matter how "shameful and utterly unprofessional," do not violate the Eighth Amendment. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545–46 (6th Cir. 2004) (affirming dismissal for failure to state a claim where plaintiff's allegations included continuous insulting remarks by guard); *see also Morrison v. Greenwald*, No. 3:09-CV-009, 2010 WL 1253962, at *9 (S.D. Ohio Feb. 24, 2010) report and recommendation adopted, No. 3-:09-CV-009, 2010 WL 1253958 (S.D. Ohio Mar. 23, 2010) ("The Constitution does not protect inmates (or anyone else) from gross insults by public officials, including prison guards. Furthermore, Plaintiff suffered no injury from the insult."). A prison official's offensive remarks about an inmate's presumed sexual preference does not state a claim under the Eighth Amendment. *Murray v. U.S. Bureau of Prisons*, 106 F.3d 401, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997). This claim will therefore be dismissed.

Finally, the plaintiff's dissatisfaction with Defendant Corlew's handling of his grievances does not establish a violation of a federal right. Although inmates retain a general right to petition the government for redress of grievances, *Turner v. Safley*, 482 U.S. 78, 84 (1987), they do not have an inherent constitutional right to any particular state-created grievance procedure or even to an effective grievance procedure. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (affirming dismissal of claim that jail staff ignored grievances

because inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure"). Moreover, an alleged failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability on any underlying claim. *See George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation...."). The plaintiff's claim about Defendant Corlew's action on his grievance fails to state a claim for which relief can be granted and will be dismissed.

## V. CONCLUSION

For the reasons set forth above, process shall issue on the plaintiff's claims of discrimination against Defendants Kinnaman and Saunders. The plaintiff's other claims will be dismissed for failure to state a claim for which relief can be granted. An appropriate order is filed herewith.

John T. Nixon
Senior United States District Judge