```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

STEVEN L. HILL,                    )
                                   )
        Plaintiff                  )
                                   )          No. 3:15-1431
v.                                 )          Senior Judge Nixon/Brown
                                   )          **Jury Demand**
TERRY KINNAMAN; JASON SAUNDERS;    )
MICHAEL CORLEW,                    )
                                   )
        Defendants                 )

**TO:  THE HONORABLE JOHN T. NIXON**

## REPORT AND RECOMMENDATION

Presently pending is the Defendants' motion for summary judgment (Docket Entry 35), which was filed on October 7, 2016. As of the date of this report and recommendation the Plaintiff has made no response to the motion. For the reasons stated below, the Magistrate Judge recommends that the motion be granted and that this case be dismissed with prejudice and that any appeal not be certified as taken in good faith.

## BACKGROUND

The Defendants have set forth a recitation of the factual background in this case (Docket Entry 36). It would be helpful if the factual background was just that–factual. Unfortunately, the factual background presents as much argument as facts. Although the Plaintiff has filed no response to the motion, the Magistrate Judge has nevertheless reviewed the Plaintiff's complaints (Docket Entries 1 and 19). The Plaintiff's original complaint named as Defendants Terry Kinnaman, Manager at the Davidson County Detention

Facility; Jason Saunders, a counselor at the facility; Michael Corlew, Assistant Warden at the facility; Prince Carver, Timothy Buchanon, and Xavier Holloway, all inmates at the Davidson County facility.

On initial review (Docket Entry 4), the Court noted that the Plaintiff alleged that he was being targeted and harassed in jail by staff and other inmates because he is homosexual. Specifically, he alleged that the Defendant Kinnaman ordered correctional officers to search his cell repeatedly because of his sexual orientation and that Kinnaman failed to investigate and protect the Plaintiff "from the sexual orientation hate crimes being inflicted" on him by other inmates. He alleged that the Defendant Saunders, a unit counselor, removed him from his job because of his sexual orientation and that Saunders allowed other inmates to talk about him and slander him. He alleged that the Defendant Corlew, the assistant warden, failed to protect him from discrimination and discriminated against him by signing the grievances about discrimination as unsubstantiated after failing to investigated. He alleged that three inmates were harassing him because of his sexual orientation by posting derogatory signs on his cell door.

The Court dismissed the claims against the inmates inasmuch as it was clear that any action they took against the Plaintiff was not done under the color of state law. The Court dismissed the complaint against Assistant Warden Corlew over his

2

handling of the Plaintiff's grievances because the handling of grievances does not raise a constitutional issue. The case was allowed to proceed on the Plaintiff's claims of discrimination against the Defendants Kinnaman and Saunders.

Subsequently, the Plaintiff amended his complaint to allege new claims against Assistant Warden Corlew and the amended complaint was allowed (Docket Entry 10). In the amended complaint he alleged that on June 18, 2015, he was placed in the residential drug abuse program (RDAP) so he could seek treatment for his substance abuse. He alleged that the Defendant Corlew targeted, harassed, and retaliated against him on several occasions because of the Plaintiff's sexual orientation as a "overt homosexual." He alleged that the Warden Corlew retaliated against him for filing a complaint about being targeted and being the subject of hate crimes. He alleges Warden Corlew removed him from the RDAP and he was denied access to the RDAP because he was gay.

The Defendant Corlew, in his motion for summary judgment, has raised the issue that the Plaintiff failed to exhaust his administrative remedies by filing a grievance specifically against him. The Plaintiff has not responded to this argument by providing a specific reference to any administrative grievance he filed covering this issue.

The two remaining Defendants contend that any actions they took to search the Plaintiff's cell or to remove him from the RDAP have a rational basis apart from the Plaintiff's sexual

3

orientation. Again, the Plaintiff has failed to respond to this argument.

## STANDARD OF REVIEW

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the o utcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient." *Tingle*, 692 F.3d at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts...must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## LEGAL DISCUSSION

The Defendants correctly pointed out in their memorandum (Docket Entry 36) that the Prison Litigation Reform Act (PLRA) requires exhaustion of administrative remedies and that once a failure to exhaust is raised as an affirmative defense the burden shifts to the Plaintiff to show that he has in fact exhausted the process. In this case, the Correction Corporation of America (CCA) has a grievance process and they have provided a declaration (Docket Entry 41) from the custodian of the grievance procedures that provided copies of Plaintiff's grievances. From a review of the grievances it does appear that the Defendants are correct and the Plaintiff did not grieve Assistant Warden Corlew's temporary removal of the Plaintiff from RDAP. The Plaintiff has failed to cite to any specific grievance where he filed such a grievance. The plaintiff in fact completed the program.

The Magistrate Judge believes that the Defendants' memorandum (Docket Entry 36) also correctly states the law concerning allegations of discrimination against the Plaintiff. Under Local Rule 56.01(g), failure to respond to a party's statement of material facts shall indicate that the asserted facts are not disputed for the purpose of summary judgment. The Defendants provided a statement of undisputed facts (Docket Entry 43), to which the Plaintiff failed to respond.

In the scheduling order (Docket Entry 28) the Plaintiff was specifically warned of the necessity to respond within 28 days of any motion for summary judgment. He was warned that failure to

5

respond to the motion and statements of fact could result in the Court taking the facts alleged in the matter as true and granting the relief requested. He was also told that he may not just rely on his complaint, that he must show there is a material dispute of fact, a citation of reference, affidavits, or other matter of evidence, and that he should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01(a).

Despite the Plaintiff's total failure to respond to the motion, the Magistrate Judge has nevertheless reviewed the record to insure that the Defendants have sustained their burden of showing that a reasonable jury could not find for the Plaintiff.

After considering the statement of uncontested facts as true, the affidavits of the various Defendants, the fact that the Plaintiff has provided no countervailing evidence, and that he did not file a verified complaint, the Defendants have sustained that burden.

The Defendants have provided a rational basis for the actions they took in searching the Plaintiff's cell, and in reassigning duties within the RDAP and for temporarily suspending him from the program while they investigated a complaint made against him. *See Ondo v. City of Cleveland*, 795 F.3d 597 (6th Cir. 2015).

In short, the Magistrate Judge agrees with the Defendants' position (Docket Entry 36) that the Plaintiff's equal protection claim cannot stand because they have provided a rational

basis for their conduct, which was unrelated to his sexual orientation and because the Defendants' conduct was not motivated by animus or ill will.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion for summary judgment be granted and all claims be dismissed with prejudice and that any appeal from a decision dismissing this case not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 15th day of December, 2016.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge